No. 2813. STATE *v.* HACKNEY. November Term, 1891. The indictment in this case having been quashed by the Circuit Judge, the State gave notice on June 6, 1891, of intention to appeal, and on July 11, 1891, served a proposed "Case" with exceptions, which was at once returned with the statement that it had not been served in time. It also appeared that no "Case" had been filed with the clerk of the Circuit Court.

Respondents, on due notice, moved this court to dismiss the appeal for failure to serve "Case" or exceptions within 30 days after notice of intention to appeal. The solicitor representing the State, appellant, stated that after the motion to quash the indictment was made and granted, he was continuously engaged in the duties of his Circuit up to the time when he prepared the papers and submitted them to the respondents' attorneys, and inadvertently allowed the time to elapse within which he was to have served and filed the same; and he, under the circumstances, asked the indulgence of the court.

*Graydon & Graydon,* for the motion. *Mr. Ansel,* solicitor, contra.

December 17, 1891. The court said:

We appreciate the circumstances under which the solicitor acted, and can very well understand how the preparation of the papers was delayed. The solicitor, however, could have applied to a Circuit Judge for an extension of time, and we have no reason to believe such an application would have been refused. The statute and rule of court both require the preparation and service of a case and exceptions within the time specified, unless the judge before whom the case was heard shall extend the time. In view of the express provisions of the statute, we have no alternative but to dismiss the appeal.

The court thereupon signed the following order prepared by counsel:

In this case the respondents make a motion to dismiss the appeal. It appearing to the court, from the affidavit of Wm. N. Graydon, that the "Case" and exceptions were not served upon respondents' attorneys within thirty days after the service of

notice of intention to appeal, and it further appearing to the court from the certificate of Thos. L. Moore, clerk of the Court of Common Pleas and General Sessions for Abbeville County, that no agreed statement of case, and no "Case" as settled by the presiding judge, has been filed in his office within ten days after making up the "Case," and the respondents' attorneys having moved to dismiss the appeal for the two reasons above set forth: Now, on motion of Graydon & Graydon, respondents' attorneys:

It is ordered, that the appeal herein be and the same is hereby dismissed.